*820 On Rehearing. Dissenting Opinion.
Marr, J.
I can not concur in the opinion and decree pronounced on the rehearing in this case; and I adhere to the views expressed in the original opinion.
If it be conceded that the pleadings are sufficient to raise that issue, the single question would be, “ was the debt created while Tete was acting in any fiduciary character, within the meaning and intendment of the bankrupt act? ” and I do not think that the law of Louisiana, Revised Statutes of 1870, section 905, has any bearing on this question.
This section is but the re-enáctment of section 81 of the act of 1855, p. 142, which was the re-enactment of section 1 of the act of 1845, p. 46. The single object of this statute was to punish the crime of embezzlement; and the penalty is imprisonment in the penitentiary, at hard labor, for not less than one year and not more than seven years. This penalty is imposed upon “ any servant, clerk, broker, agent, consignee, trustee, attorney, mandatary, depositary, common carrier, bailee, curator, testamentary executor, administrator, tutor, or any person holding any office or trust under the executive or judicial authority of this State, or in the service of any public or private corporation or company, who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money, bill, * * * or any other property which he shall have received for another, or for his employer, * * * or by virtue of his office, trust, or employment, or which shall have been intrusted to his care, keeping, or possession by another,” etc.
These terms are broad enough to include all persons who can commit the crime of embezzlement; but the statute"does not use the word “fiduciary;” nor does it attempt to declare what shall constitute a “fiduciary character.” The essential difference between larceny and embezzlement is, that the possession of the thing stolen was wrongful ab initio while embezzlement can only be committed by one whose possession was, originally, lawful. In neither case can the crime be committed without the intent to deprive the owner of his property.
The fact that Tete accounted to Desobry semi-annually, for the interest agreed upon, ten per cent, for nearly three years, and the additional fact that in none of the accounts rendered by Tete was there any charge by way of commission or otherwise, for investing the capital, or for collecting and accounting for the interest, prove conclusively to my mind, the absence of any such intent; and these facts would have necessitated the acquittal of Tete, if he had been prosecuted for embezzlement.
*821 No one can be deprived of a right, in consequence of crime, without first having had an opportunity to defend himself against the charge that he committed that crime. When the creditor pretends that the discharge in bankruptcy does not apply to the debt which he demands, because it was created by the crime of embezzlement, the burden is on him to prove the commission of that crime. Even fraud, not punishable as a crime, can not be proven without being distinctly charged ; and it would be strange, indeed, if any crime could be inquired into collaterally, in a court exclusively of civil jurisdiction, where that crime is not plainly and unequivocally charged in the pleadings.- 1 incline to the opinion that, where the creditor attempts to hold.the bankrupt liable, notwithstanding his discharge, on the ground that the debt was created by embezzlement, he is bound to produce the record of conviction of that crime.
The final decree in this- case is not based upon the assumption that Tete was actually guilty of the crime of embezzlement, because, every one is presumed to be innocent of crime until his guilt has been proven : because he was not even prosecuted for, much less convicted of this crime; and because he was not charged with it in the pleadings. The opinion proceeds upon the theory that the statute referred to raises to the dignity of a “fiduciary character” each one of the persons punishable for embezzlement; and that this crime can be committed only by one who is acting in a “ fiduciary character.”
It is certainly true that embezzlement can not be committed by any other than one in whom a certain degree of confidence has been reposed; but the question still remains, “Can the crime of embezzlement be committed only by one who is acting in a fiduciary character, within the meaning and contemplation of the bankrupt act?” In the strongest view of the ease against Tete, he was merely the gratuitous agent of Desobry, to invest the money intrusted to him for that purpose. So far as the statute is concerned his liability in this relation is no greater than that of a factor, or of any other of the persons designated, all of whom are placed in the same category with respect to the crime against which it is leveled. If the “fiduciary character” is to be deduced from the fact that Téte occupied toward Desobry one of the relations mentioned in the statute, it would logically follow, as our predecessors decided in Banning vs. Bleakeley, 27 A. 257, that he was acting in a “ fiduciary character, ” with respect to Edward Desobry, whose crops he received and sold as consignee and factor.
I can not accept the decision in Banning vs. Bleakeley as an authoritative interpretation of section 33 of the bankrupt act, because, in my opinion, it is directly in conflict with the jurisprudence of the Supreme and Circuit Courts of the United States as established by the cases cited *822 in the original opinion. There is nothing in the statute of Louisiana applicable to a factor, or other agent or attorney, which is not equally applicable to menial servants ; and the menial servant, with respect to the petty sums intrusted to him for daily domestic purposes, occupies, with respect to his employer, the same relation, differing only in degree and importance, as the clerk, or broker, or attorney, or factor, or other agent. If these persons while performing the functions of their engagements are acting in a “fiduciary character” simply because the statute makes them amenable to a criminal prosecution for embezzlement, the menial servant occupies the same relation, for the same reason, while performing the functions of his employment.
The mere reading of section 33 of the bankrupt act shows that the Congress meant and intended that the crime of embezzlement might be committed by one who was not acting in any fiduciary character, within the purview of that section: that there might be a defalcation of a public officer which would not constitute the crime of embezzlement; and that a. debt might be created by one while acting in a fiduciary character which would neither be the consequence of the crime of embezzlement nor of a defalcation by a public officer. I can not undertake to say precisely what the Congress meant by the words “ any fiduciary character,” nor how that character is to be created ; but it seems clear to me that the courts of the United .States, in the several cases cited in the original opinion, maintain the doctrine that the fiduciary character contemplated is not the relation which the law of any State may imply from the contract out of which the debt or pecuniary obligation arises. The Constitution has conferred upon Congress no power to establish any other than uniform laws on the subject of bankruptcies, throughout the United States ; and uniformity requires that the discharge shall be operative alike, to the same extent, in each and all of the States. In one State certain debts and obligations may be treated as fiduciary, which in some other State might not be so regarded ; and if reference is to be had to the local laws and jurisprudence of any State, in order to ascertain what is a fiduciary character, in the intendment of the bankrupt act, it might well happen that the discharge would be an effectual bar in one State while in another State it would not relieve the bankrupt.
In my opinion .the testimony of Tete was admissible ; and, taken in connection with all the facts and circumstances of the case, it satisfies me, as a matter of fact, that the relation between him and Desobry was, with the knowledge and by the consent of Desobry, that of debtor and creditor: that the debt was not created by fraud or embezzlement on the part of Tete, nor while he was acting in any fiduciary character, within the scope and meaning of the bankrupt act'; and that it is not excluded from the operation and effect of the discharge,
*823 The concurrence of all the other members of the Court in the opinion and decreo pronounced on the rehearing, has made it necessary for me to state the grounds of my dissent. The questions involved are of very great importance; and they are so presented in this case that they may be reviewed and finally settled, as I trust they will be, by the arbiter in the last resort, the Supreme Court of the United States.